```
          IN THE UNITED STATES DISTRICT COURT
                       FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
```

```
CRAIG HENRY,                    :
                                :
          Plaintiff             :
                                :
     v.                         :   CIVIL NO. 3:CV-17-1391
                                :
WILLIAM DREIBELBIS, ET AL.,     :   (Judge Conaboy)
                                :
          Defendants            :
```
_____

## MEMORANDUM
### Background

Craig Henry (Plaintiff), an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield), initiated this pro se civil rights action. Service of the Complaint was previously ordered.

Named as Defendants are Secretary John Wetzel, Deputy Secretary Christopher Oppman, and Chief Medical Director Paul Noel of the Pennsylvania Department of Corrections (DOC).[1] Plaintiff is also proceeding against SCI-Smithfield Health Care Administrator William H. Dreibelbis as well as Regional Medical Director Andrew Daneha and Infectious Disease Control Registered Nurse D. Cutshall of Correct Care Solutions.

---

1. Oppman was previously employed by the DOC as Director of the Bureau of Health Care Services.

1

Plaintiff states that he has been diagnosed with Hepatitis C. According to the Complaint, Defendants were deliberately indifferent to Plaintiff's medical needs by failing to provide him with a follow up liver biopsy in July, 2015. Plaintiff explains that under prior DOC policy he was provided with a liver biopsy every five years with the last one occurring July, 2010.

Henry further alleges that he has not been provided with Viro-load and APRI blood tests which are required under the DOC's Hepatitis C protocol. The Complaint also alleges that the protocol developed by the DOC for the treatment of DOC inmates with Hepatitis C is constitutionally deficient.

Following service of the Complaint, Defendants Wetzel, Dreibelbis, Noel and Oppman (hereinafter Corrections Defendants) filed a motion to dismiss.[2] See Doc. 16. The opposed motion is ripe for consideration.

## **Discussion**

Corrections Defendants claim entitlement to dismissal on the grounds that: (1) there are no allegations of personal involvement in constitutional misconduct set forth against Defendants Oppman and Dreibelbis; (2) the claims for monetary damages against Corrections Defendants in their official capacities is barred by the Eleventh Amendment; (3) Plaintiff has failed to sufficiently allege a claim of deliberate indifference against Wetzel, Noel,

---

2. In light of the submission of a motion to dismiss, Plaintiff's subsequently filed request (Doc. 19) for entry of default against the Corrections defendant will be denied.

Oppman, and Dreibelbis; and (4) Plaintiff has failed to raise viable state law claims of medical malpractice and negligence.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ____ , 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950.

3

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Official Capacities**

As partial relief, Plaintiff seeks an award of compensatory and punitive damages. See Doc. 1, p. 9. Corrections Defendants contend that the claims for monetary damages against them in their official capacities must fail. See Doc. 17, p. 7.

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Eleventh Amendment bars all suits against a state and its agencies in federal court that seek

4

monetary damages.  Walker v. Beard, 244 Fed. Appx. 439, 440 (3d Cir. 2007); see also A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d Cir. 2003).

Likewise, suits brought against state officials acting in their official capacities are to be treated as suits against the employing government agency.  Will, 491 U.S. at 70-71; Garden State Elec. Inspection Serv. v. Levin, 144 Fed. Appx. 247, 251 (3d Cir. 2005).  As such, Henry's monetary damage claims brought against the Corrections Defendants in their official capacities are considered to be against the state itself and are barred by the Eleventh Amendment.

However, to the extent that Plaintiff is seeking injunctive relief against the Corrections Defendants in their official capacities, such requests are not barred by the Eleventh Amendment.  See Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002).

**Personal Involvement**

Corrections Defendants next argue that the claims against Deputy Secretary Oppman and Health Care Administrator Dreibelbis are subject to dismissal because there are no allegations of personal involvement by those officials in any constitutional misconduct.  See Doc. 17, p. 4.

According to the Corrections Defendants, Plaintiff alleges only that Dreibelbis oversees the delivery of health care to the SCI-Smithfield inmate population.  They add that entry of dismissal is appropriate because there is no assertion that the Health Care Administrator was personally involved in Henry's day to day treatment and that any dissatisfaction with Dreibelbis'

5

responses to his institutional grievances is not a proper basis for civil rights liability. It is similarly argued that Defendant Oppman was not directly involved in Plaintiff's care.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038,

6

2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, any attempt by Plaintiff to establish liability against a defendant solely based upon the substance or lack of response to his institutional grievances does not by itself support a constitutional due process claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Plaintiff generally alleges that Driebelbis failed to provide him with a needed liver biopsy in July 2015. See Doc. 1, ¶ IV. However, the Complaint acknowledges that Plaintiff sent requests for treatment to Defendant Cutshall and a non-defendant J. Grove for treatment in July, 2015 and was informed by those officials that a hold had been placed on Hepatitis C treatment due to a rapid change in treatment methods. The Complaint also admits that Defendant Cutshall was the individual responsible for his treatment and assessments. The only other allegation regarding Dreibelbis is that the Defendant failed to respond to a his grievances including a March 14, 2017 complaint.

With respect to Deputy Secretary Oppman, Plaintiff asserts that it is his belief that Oppman is reevaluating the DOC's Hepatitis C protocol and is responsible for overseeing the

7

delivery of medical services to Pennsylvania state prisoners. See id., at ¶¶ 17-18. The Complaint concedes that the new DOC Hepatitis C protocol was developed by Correct care solutions. See id., at ¶ 28.

Pursuant to the standards announced in Rode, this Court agrees with Corrections Defendants' contention that any attempt to establish liability solely premised on Oppman and Dreibelbis' respective supervisory capacities within either the DOC or SCI-Smithfield must fail. There is also no factual allegations set forth which sufficiently show that either of those officials was personally involved in either Plaintiff's day to day care or the development or implementation of the DOC's Hepatitis C protocol which is being challenged herein.

The Complaint as stated only appears to establish liability against the Health Care Administrator based upon either his supervisory capacity or his lack of response to the inmate's institutional grievances. Pursuant to the above discussion, either approach is insufficient for establishing civil rights liability against Defendant Dreibelbis. Due to the vagueness of the Complaint, it is unclear as to whether Plaintiff wishes to pursue a claim against Dreibelbis regarding either the creation or implementation of the DOC's Hepatitis C protocol.

With respect to Deputy Secretary Oppman, Plaintiff describes said Defendant as being the DOC's Director of Health Care Services during the relevant time period. While it appears that Plaintiff may wish to pursue a claim against Oppman regarding the DOC's Hepatitis C protocol, there are no specific factual assertions set forth regarding Oppman which adequately show any direct involvement

8

in either the development or implementation of the challenged protocol. Plaintiff maintains that only his symptoms are being treated and that no effort is being made to cure his condition. However, Henry fails to adequately explain the basis for his claims against Corrections Defendants Oppman and Dreibelbis. For instance, Plaintiff does not allege that either official played any role in the development of the protocol. There is also no claim that either Corrections Defendant failed to implement treatment for Henry which is required under the present policy.

Although Oppman and Dreibelbis have set forth valid arguments for entry of dismissal, given the liberal treatment afforded pro se litigants and the serious nature of his claims, the Plaintiff will be afforded an opportunity to submit a curative amended complaint addressing the deficiencies outlined herein and which sufficiently sets forth factual allegations of personal involvement in constitutional misconduct against Defendants Oppman and Dreibelbis.

**Deliberate Indifference**

It is next argued that Plaintiff has failed to adequately allege a deliberate indifference claim against any of the four Corrections Defendants.

This Court has already adequately addressed the claims against Oppman and Dreibelbis. With respect to Secretary Wetzel Plaintiff asserts that the Defendant is responsible for the formation of policies which ensure the delivery of proper medical care to Pennsylvania state inmates. See Doc. 1, p. 6, ¶ 16. Plaintiff adds only that Wetzel has been given notice of inadequate

9

treatment by Dreibelbis but has failed to undertake any corrective measures.

The Complaint describes Defendant Noel as being Chief medical Director of Correct Care Solutions. It is alleged that Noel was responsible for the oversight, operation, and administration of inmate medical care. See id. at ¶ 19. The pending motion to dismiss asserts that Noel is the DOC's Chief of Clinical Services and not an employee of Correct care Solutions.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Pannier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Sprawl v. Gilles, 372 F.3d 218, 235-36 (3d Cir. 2004); Nasale v. Camden CTY. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth CTY. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). Dental care has been recognized an important medical need of inmates. Petrazzoulo v. United States Marshals Service, 999 F. Supp 401, 407 (W.D.N.Y. 1998)

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's

10

attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth CTY. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth CTY. Corr. Inst. Inmates, 834 F.2d at 347). This Court is satisfied that the Complaint's assertion of inadequate care for Hepatitis C satisfies the serious medical need threshold.

With respect to the subjective deliberate indifference component, the Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Dormer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment

is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").The Court of Appeals for the Third Circuit in Durmer added that a non-physician defendant can not be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.

As previously discussed, civil liability cannot be premised upon a defendant's supervisory capacity or failure to take action in response to institutional grievances. It is also noted that Secretary Wetzel is a non-medical Defendant and Plaintiff alleges that the challenged Hepatitis C was developed by Correct care Solutions. Moreover, the only discernible claim against Chief of Clinical Services Noel is a general claim wholly based upon his supervisory duties. Given those consideration the Complaint, as stated, fails to set forth a viable claim against either Wetzel or Noel.

Nonetheless, is is clear that Secretary Wetzel is the chief policymaker for the DOC and Noel is the DOC's Chief of Clinical services. As such, those two Corrections Defendants may have played some role in the development and or ultimate approval of the DOC's Hepatitis C protocol. Accordingly, Plaintiff will likewise be granted opportunity to file a curative amended complaint which

sufficiently sets forth facts establishing the basis for his claims against Defendants Wetzel and Noel.

**Negligence/Medical Malpractice**

Federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976). Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3) (1997). When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants. New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim. Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)). However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so."

Once the basis for federal jurisdiction disappears, a district court should only exercise its discretion to entertain pendent claims if extraordinary circumstances exist. New Jersey Department of Enviromental Protection v. Glouchester Enviromental Management, 719 F. Supp. 325, 337 (D. N.J. 1989). A decision as to whether this Court will exercise, jurisdiction over Plaintiff's

13

state law tort claims against the Corrections Defendants will be held in abeyance to allow Plaintiff opportunity to file an amended complaint.

**Amended Complaint**

As previously discussed, Plaintiff will be provided opportunity to file a single, curative, all inclusive amended complaint within twenty-one (21) days of the date of this Order which adheres to the standards set forth herein.

Henry is reminded that in order to state a viable civil rights claim each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).[3] He must also exhaust available administrative remedies with respect to each claim he wishes to purse before seeking relief in federal court.

The Plaintiff is also reminded that his amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint. The amended complaint should clearly identify each Defendant, set forth the factual substance underlying Henry's claims in short, concise and legible statements, and specify the constitutional claims and relief being sought. If an amended complaint is not timely filed, the claims against the Corrections Defendants will be dismissed for the reasons set forth herein and disposition of the surviving

---

3. The United States Supreme Court in Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 167 (1993), noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id.

14

portion of the original complaint may proceed.  An appropriate Order will enter.

                                    S/Richard P. Conaboy
                                    Richard P. Conaboy
                                    United States District Judge


DATED:    AUGUST 10, 2018